WeldoN, J.,
delivered the opinion of the court:
The plaintiff, as executrix of Rudolph Hoffeld, brings this suit to recover the sum of $3,200, which paid to the United *32 States in the entry of certain land in Gunnison County, Colo., on the 28th of May, 1886.
The findings of fact show, that on that date Harry J ones, J. L. Cole, Charles L. Weaver, and Sarny Perri, through William Hinds, acting in their behalf under power of attorney, made entry of said land. The affidavit required by section 32 óf the Coal Land Regulations was not made by the several entrymen, but by Hinds as attorney in fact. The affidavit was held to be insufficient by the officers of the General Land Office, on April 12, 1888, and the local land officers were directed to notify the claimants to that effect. On August 27, 1894, the local officers reported that two of the entrymen were dead; that Perri and Cole were no longer residents of Colorado; that their whereabouts could not be ascertained; that none of said entrymen had any interest in said land; that the representative of the present owners, W. L. Youle, stated that the evidence required could not be furnished; that no coal in paying quantities existed on said tract, and that the owners are indifferent as to whether said entry is canceled or not. Neither the entrymen nor their assigns took any action in the premises, and accordingly the entry was canceled by the General Land Office on January 24, 1895. On May 29, 1886, said entrymen, by their said attorney in fact, had conveyed the land to the Ohio Creek Anthracite Coal Company. On August 29, 1887, a writ of’ attachment was issued out of the county court of Gunnison County, Colo., in a suit wherein Asenath L. Hinds was plaintiff and said company was defendant, and levied upon the aforesaid tract of land as well as other land belonging to said company. On August 23, 1887, a like writ of attachment was issued out of the District Court of Arapahoe County, Colo., in a suit wherein the Hendric and Bolthoff Manufacturing Company were plaintiffs and the Ohio Creek Anthracite Coal Company was defendant, and levied upon said tract of land as well as upon other land belonging to said company. On November 10,1887, the aforesaid tract of land and other property was sold by the sheriff of Arapahoe County to Rudolph Hoffeld for the sum of $75, under the said writ of attachment, in the suit wherein the Hendric and Bolthoff Manufacturing Company was plaintiff and the Ohio Creek Anthracite Coal Company was defendant. On June *33 10, 1897, William L. Youle, as attorney of fact for Rudolph Hoff'eld, made application for repayment of the purchase money paid on said land, under the provisions of the act of June 16-, 1880, which was denied on November 1, 1897, and again on appeal to the Secretary of the Interior on December 11,1899, for the reason that the said application did not come within the provision of said act of June 16, 1880.
The theory upon which the suit is predicated is. that the administrator of Hoff'eld, whose decedent purchased at sheriff’s sale on November 10, 1887, is entitled to the benefit of the statute of June 16, 1880 (21 Stat. L., 287); and to recover the amount paid by the original entrymen through their attorney in fact this suit was brought.
The statute, section 2, provides that “where homestead or timber-culture or desert-land entries or other entries of public lands have heretofore or shall hereafter be canceled for conflict, or where, from any cause, the entry has been erroneously allowed and can not be confirmed, the Secretary of the Interior shall cause to be repaid to the person who made such entry, or to his heirs or assigns, the fees and commissions, the amount of purchase money and excesses paid upon the same, upon the surrender of the duplicaté receipt and the execution of a proper relinquishment of all claims to said land, whenever such entry shall have been duly canceled by the Commissioner of the General Land Office.”
In the view which the court has taken of the rights of the claimants, it is not necessary to discuss 'the question as to whether the entry was properly ma.de or whether it was improperly canceled. It is sufficient for the purposes of this case to examine and determine the question as to whether there are such relations between the claimant, as representative of the decedent, and the entrymen, as will entitle the claimant to the benefit of the statute. The statute provides that in case of conflict, or where from ,any cause the entry has been erroneously allowed and can not be confirmed, the Secretary of the Interior shall cause to be repaid to the person who made such entry, or to his heirs or assigns, the fees and commissions and the amount of purchase money. The right to reimoursement by the terms of the statute is confined to the person who made the entry, his heirs or assigns, and it does not inure to and *34 is not made applicable to any other person. Whatever may be the rights of the original entry men, can it be said that the purchaser at a judicial sale is in such privity of contract or statutory obligation as entitles him to recover on failure of title because of the cancellation of the entry ?
The doctrine of -caveat mnptor applies in all its force to a judicial sale, and the purchaser at such a sale buys the title or estate which the defendants in execution may have, without the rights and benefits of covenants of warranty which inure to the ordinary purchaser. (15 Ill., 395: 25 Ala., 626: 2 Ohio N. S., 36.)
The claim of the plaintiff must bo determined and measured bj1- the statute which authorizes the refunding of the money. The claim is purely of statutory obligation, without any of the elements of a contract or covenant, and must be brought clearly within the terms of the statute before any recoveiy can be had.
A very serious question might arise as to whether the parties or their assigns to the entry could have such a standing-in court as to entitle them to a remedy under the act of June, 1880; but it is not necessarjr to discuss and determine their right of redress, as t'he plaintiff can not rely on their legal or equitable right-of recovery. The plaintiff’s rights are measured by the purchase at the judicial sale, and, those rights being limited by the law which governs judicial sales of realty, no liability’- attaches to the defendant predicated upon an alleged right in entrymon or their assigns. The petition is therefore dismissed.