Weldon, J.,
delivered the opinion of the court:
It is insisted by counsel for the claimant, that the court erred in holding that such claimant is not entitled to the benefit and right provided by the second section of the act of June 16, 1880 (21 Stat. L., 287), which provides, in substance, that in case an entry of land is for an}7 reason canceled, that the entryman, his heirs or assigns, upon certain conditions, are entitled to a repayment of the purchase money.
It is insisted that the entryman has a complete title to the land; that he has a right to sell it before patent, and that the purchaser at a judicial sale under an execution against the entryman is a party entitled to repayment under the provisions of said act, providing that assigns apply therefor, and that the statute clearly gives the right of repayment to such a purchaser.
The motion presents the question whether the term “his heirs and assigns,” within the meaning and purview of the act, means his voluntory assigns or does it also include the purchasers who are not his assigns, but transferees of the land by operation of law- — that is, by virtue of the Colorado statute which authorizes land conveyed by an entry to be sold under judgment and execution.
In the decision of the case the court construed the phrase “ his heirs and assigns” according to its primary natural meaning to be his own — his voluntary — assigns.
It is only by the extension of the phrase so as to include the transferees of the land by operation of law, that the claimants’ theory of the statute can be sustained.
A grant or an assignment primarily implies a grantor or an assignor, and not the mere transfer of title by operation of law.
The second section of the act provides as follows: “Upon the surrender of the duplicate receipt and the execution of a proper relinquishment of all claims to said land, etc.” Does *234 not this clause clearly indicate that Congress did not intend to extend the meaning of “his assigns” so as to include a .purchaser at an involuntary, forced, or judicial sale? Such-purchasers would not have the “duplicatereceipt” to surrender to the Government. And such surrender is, by the act, made as essential as the relinquishment of all claims to the land.
The person who made the entry, his heirs or assigns, voluntarily assigning, whether immediate or mediate, would presumably have the duplicate receipt, but the purchaser at the forced sale would presumably not have it. This prerequisite makes it very evident that purchasers at judiciahsale are not his assigns of the land within the purview of the act.
The question is asked would not a purchaser under a quitclaim deed be entitled to recover under this act? It may be conceded that he would; a quitclaim deed is a voluntary transfer. It is said “the purchaser at a sheriff’s sale acquires all the right, title, and interest of the judgment debtor.” This is granted so far as the land is concerned. But it by no means follows that a purchaser acquires a privilege which is granted to the debtor and “his heirs or assigns.”
The doctrine of ccweat em/ptor, as we have said in the original opinion, applies to judicial sales. The purchaser at such, sale gets the only title or estate in the land which the debtor may have. He does not get a privilege which is given only to the debtor, his heirs or assigns, or his grantee or assigns.
The phrase “his heirs or assigns” was evidently used in the act as including only such persons as would have in their possession the duplicate receipt to surrender. The language of the act limits the privilege to such transferees of the lands as are his transferees holding the duplicate receipt and prepared to surrender it.
There is no authority to import into the act the phrase “ transferees, by operation of law,” transferees without and against his consent, or any other words to construe the force and effect of the requirement for the surrender of the duplicate receipt. This clause requiring the surrender of the duplicate receipt can not be ignored. It makes this case analogous to Deo v. Bevant (3 M. and S., 353) and Breading v. Boggs (20 Penn. Stat., 33).
*235 It is not necessary to pass upon’the rights of any person but the claimant. Underthe act of 1880 a privilege is granted by the defendants, and no one is entitled to claim the entry money unless upon a due consideration of all the provisions of the statute, ignoring no one of them, it appears from a. correct construction that the claimant comes within the pur-' view of the provisions of the law.
It is possible that for a mere pittance the purchaser at a forced judicial sale might succeed in getting possession of the duplicate receipt, but this possibility can not affect the construction of the act. The question will always be, Did the-claimant really acquire his title or claim to the land by a voluntary sale of the land? Did the decedent purchase a right as against the United States, or simply the land, with whatever title the judgment creditor had in the title to the land?
Suppose the.entryman had, on the day before the rendition, of the judgment or the sale under the execution, sold and transferred to a third person, conveying- to such person all right and title to the land, and the deed had not been placed on record on the day of the sale, and the judgment creditor had neither constructive nor actual notice of such sale or transfer, can it be said that as against the innocent purchaser from the entryman the purchaser at the sale would take, under the act, as against such purchaser from the original entryman ?
Even though in a proper case under the general jurisdiction of the court an action for money had and received may be maintained, it is incumbent upon the plaintiff to show that he is entitled to recover by the performance of all the conditions annexed and incident to the subject-matter of his claim. If the liability of the Government depends upon a condition precedent with reference to the subject-matter of the claim,, the plaintiff must allege and prove the performance of and compliance with such condition before he is entitled to recover. The statute in this case having annexed a condition to the. right of the claimant to recover, he must show performance of that condition, as his remedy is predicated upon and his right to recover is determined by the terms of the law.
For the reasons above stated the motion for a new trial is-overruled.