HowRY, J.,
delivered'the opinion of the court:
This claim has. been certified to the court, pursuant to the provisions of section 1063 of the Revised Statutes of the United States, as one involving controverted questions of law where the decision will affect a class of cases and furnish a precedent for the future action of the accounting officers of the Treasury. It is presented by an assignee for repayment of the fees and commissions paid for an assignor to the land office at Visalia, Cal., on certain soldiers and sailors’ additional homestead entries where the entries had been subsequently canceled for fraud. The questions presented arise on the motion of the plaintiff to set aside the judgment of the court dismissing the petition on the authority of Hoffeld's case (36 C. Cls. R., 230).
The findings show fraudulent entry of certain public lands and cancellation of both entry and location after the fraudulent entryman had sold the land to an innocent purchaser. The claim is for repaymet of the fees paid for the entryman who committed the fraud by a person whom the findings show to have been free from any connection with the fraudulent entry or location. The contention of the plaintiff is that as the application was made under the provisions of section 1 of the act of June 16, 1880 (21 Stats., 287), and was favorably passed upon by the Secretary of the Interior and allowed by him and certified for payment, the comptroller was without authority to review the decision, and that the only duty to be performed by that official was to certify the claim for payment. It is also the contention of plaintiff that this court is now without authority to pass upon the legality of the original decision and that the only action which the court can take is to certify the claim for payment to the Secretary of the Treasury.
By filing the petition plaintiff has submitted himself to the jurisdiction of the court, but he might well have made application to the proper court for the issuance of a writ of mandamus to compel payment of the amount awarded. (Parish v. MacVeagh, 214 U. S., 124.) Under the provisions of section 1063, Revised Statutes, the plaintiff is never compelled to file a petition on the reference by the head of a department *166 under the statute which authorizes the reference of claims for the opinion of the court to guide such head in his official action, but when he does so the opinion and judgment bind him. The procedure directed by the succeeding section, section 1064, is that all cases transmitted by the head of any department or upon the certificate of any auditor or the comptroller shall be proceeded with according to the provisons of the preceding section, as in other cases pending in the Court of Claims. The claim must be one of which the court would have jurisdiction irrespective of the reference, and the result of the proceedings must be a “ judgment,” which may be paid as set forth in section 1065 “ in the same manner as other judgments ” of this court. The statutes, taken altogether, are not only imperative, but are clear and consistent.
In Medbury v. United States (173 U. S., 492), the Supreme Court held that this court had jurisdiction over claims like the one at bar despite the limited and exclusive language o? the act of 1880, supra, because it was said that such claims were founded upon a law of Congress within the meaning of that expression as used in the act of March 3,1887 (24 Stats., 505). In that case the Secretary of the Interior had refused payment of the claim, and the Supreme Court held that this court was within its power and authority to determine its validity.
In the present case the findings show an entry for the land and cancellation of the entry; the payment of the fees and the decision of the Secretary of the Interior that the claim was a proper one for repayment, and, finally, that it was certified for final settlement. Under these circumstances the court is of opinion that it has full-jurisdiction (by the filing •of the petition) over the person of the plaintiff and over the subject-matter.
Under the act of June 16, 1880, supra, the Secretary of the Interior became authorized, upon due proof and where it appeared to his satisfaction that innocent parties had paid fees and commissions and excess payments required upon the location of claims under the homestead and public lands act therein mentioned, to repay such fees and commissions and excess payments paid by them where locations were found to *167 be fraudulent upon the surrender of the receipts issued therefor by the receivers of public moneys. The rule in such cases is that if the decision is based upon the construction of the statute and rests exclusively upon an issue of law, the decision is subject to review by the courts, but upon questions of fact the courts will not entertain jurisdiction nor can any mere question of disputed fact be collaterally impeached. But it is also settled that where there is a mixed question of law and fact, and the court can not separate it so as to ascertain what the mistake of law is, the decision of the land department is conclusive. (Moore v. Robbins, 96 U. S., 530; Marquez v. Frisbie, 101 ib., 473.) Of course there always exists in courts of equity jurisdiction to correct mistakes and to relieve against frauds and impositions.
In the present case it was held by the Secretary of the Interior that this plaintiff was an innocent party.
In reviewing the reasons for the action of the court in first dismissing the case, we are satisfied that Hoffeld's case (36 C. Cls., 26; ib., 230; 186 U. S., 273) does not apply. That was a case under section 2 of the act of June 16, 1880, supra, and not under section 1. The only question determined was that a purchaser at a judicial sale was not an assign within the meaning of the second section and because of the application of the rule of caveat emptor. The question raised in the present case was not involved, because this claimant was an innocent assignee by virtue of a voluntary conveyance. In FLofeWs case the Supreme Court said, page 275: “ * * * The only question is whether the purchaser of the original rights of the entryman at an execution sale against him or his grantee can be said to be an ‘ assign ’ within the meaning of the act.” The ground for that decision included the statement by Mr. Justice Brown that “ a voluntary assignee takes the property with all the rights thereto possessed by his assignor, and if he has paid valuable consideration may claim all the rights of a bona fide purchaser with respect thereto.” But at an execution sale the purchaser acts at his peril.
Section 1 of the act of June 16, 1880, supra, provides:
“That in all cases where it shall, upon due proof being made, appear to the- satisfaction of the Secretary of the Inte *168 rior that innocent ■parties have paid the fees and commissions and excess payments required upon the location of claims under the act entitled ‘An act to amend the act entitled “An act to enable honorably discharged soldiers and sailors, their widows and orphan children, to acquire homesteads on the public lands of the United States,” and amendments thereto,’ approved March third, eighteen hundred and seventy-three, and now incorporated in section twenty-three hundred and six of the Revised Statutes of the United States, which said claims were, after su,ch location, found to be fraudulent and void, and the entries or locations made thereon canceled, the Secretary of the Interior is authorized to repay to such innocent parties the fees and commissions, and excess payments paid by them upon the surrender of the receipts issued therefor by the receivers of public moneys,, out of any money in the Treasury not otherwise appropriated, and shall be payable out of the appropriation to refund purchase money on lands erroneously sold by the United' States.”
This act seems to have been intended by Congress to relieve innocent parties who had purchased counterfeit soldiers’ additional rights and who had been fraudulently induced to part with money for the homestead rights and land-office fees, and in some measure to lessen the hardship by returning to an innocent purchaser such fees and commissions. The findings showing fraudulent entry, cancellation for that reason, and return of the receipt pursuant to the statute, with a finding by the Secretary of the Interior of the innocence of the party claiming the fees; and there being no proof to overthrow that finding — even if the decision as a fact, or possibly as a mixed question of law and fact, of so undefinable a nature, could be reviewed— the court is of opinion that the warrant of the Secretary of the Interior should have been paid by the Secretary of the Treasury.
Judgment will be entered for plaintiff in the amount shown by the findings.